# JANUARY TERM, 1900.*

COLE *v.* DARLING.

MORTGAGES—FORECLOSURE—SET-OFF.

Where a wife joins with her husband in a deed of his property, thereby cutting off her inchoate right of dower, upon an agreement that a purchase-money mortgage shall be given back to her and in her name, which agreement is carried out, the mortgagor cannot set off against the mortgage debt, upon foreclosure, a claim of his against the husband.

Appeal from Newaygo; Edwards, J. Submitted January 11, 1900. Decided February 20, 1900.

Bill by Hannah L. Cole against James H. Darling, Alma Darling, Frank H. Smith, and others, to foreclose a mortgage. From a decree for complainant, defendants appeal. Affirmed.

*George Luton*, for complainant.

*A. F. Tibbitts* (*W. D. Fuller*, of counsel), for defendants.

LONG, J. This bill was filed to foreclose a certain mortgage executed and delivered September 23, 1895, by defendants James H. Darling and Alma Darling, his wife, to complainant, for the sum of $1,500. It appears that for several years the father-in-law of complainant, one John Cole, Sr., and the defendant James H. Darling owned the property jointly upon which the mortgage in question was given. It was a lot and double store building in the village of Fremont. One-half of the building was used as a store by John Cole, Sr., and his son, and

---

* Continued from Vol. 122.

the other half by defendants James H. Darling and Frank H. Smith. John Cole, Sr., died early in 1895, leaving a widow and several children, among whom is John Cole, Jr. In March, 1895, soon after his death, negotiations were had for the purchase by Darling & Smith of the Cole interest in the building. John Cole, Jr., in pursuance of these negotiations, purchased from his mother and the heirs of John Cole, Sr., their interests in the property, and took a deed in his own name. He then sold and conveyed the premises to James H. Darling for the sum of $2,250; and, to secure the payment of part of this purchase price, Darling gave a mortgage upon the premises for $2,000. The complainant contends that this mortgage was given to her, while defendant Darling contends that it was given to John Cole, Jr. This mortgage was never recorded. In August, 1895, James H. Darling mortgaged the entire premises to one Joseph H. Martin for the sum of $3,000, and gave his note, signed by defendant Smith, to the complainant, for $2,000, to take the place of the $2,000 mortgage above mentioned. That this mortgage was paid in that way is conceded by all the parties. This note was afterwards taken up by Darling, and paid by his giving complainant the mortgage in suit for $1,500, and his note signed by Smith for $600, the extra $100 being for accrued interest.

The defendants, in their answer to this bill, set out that, at the time of giving the mortgage in suit, the firm of Davis & Cole, composed of Lorenzo V. Davis and the said John Cole, Jr., was indebted to the firm of Darling & Smith in the sum of $716.40 on a certain note, and in the sum of about $400 on open account, and that the firm is still so indebted to said firm of Darling & Smith. It is also claimed by the answer that this store property was purchased by the firm of Darling & Smith, for the joint use of the firm of Darling & Smith, from John Cole, Jr., and that while the mortgage in question was made and executed to Hannah L. Cole, the wife of John Cole, Jr., in truth and in fact it was the property of John Cole, Jr.;

and they therefore claim a set-off of the debt owing them from Davis & Cole.

The court below refused to make the set-off, and decreed a sale of the premises for the amount of the mortgage. The mortgage, at the date of the decree, amounted, with interest, to the sum of $1,800. The set-offs at that time amounted, with interest, to $1,608.35, and, if allowed, would leave the complainant the sum of $191.65 on the mortgage. We think the court below was not in error in refusing to allow this set-off. The deed to the premises was made to John Cole, Jr.; and when Mrs. Cole, the complainant, signed the deed of the property to defendant Darling, it was with the understanding that the $2,000 should be given to her and in her name, and it appears that this was the agreement when the mother of John Cole, Jr., signed the deed to him. This mortgage was afterwards discharged by her, with the understanding that, after the Martin mortgage was given, she should be secured by a second mortgage and the notes of Darling & Smith. The mortgage in suit was then given in pursuance of that arrangement. She had an inchoate dower interest in this property, which was cut off by this deed. She had the title to this mortgage, and was the owner of it. There was no fraud in her taking it in her own name. She was not and is not indebted to the defendants Darling & Smith, and they have no right to set off their claim against the mortgage.

The decree must be affirmed, with costs.

The other Justices concurred.